UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN FANTL, ET AL., <br> Plaintiffs, <br> v. <br> DAVID GLENWINKEL, et al., <br> Defendants. | Case No. 4:17-cv-02033-KAW <br> **THIRD ORDER TO SHOW CAUSE** <br> Re: Dkt. No. 13 |

This action was filed on April 12, 2017. (Dkt. No. 1.) Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiffs had 90 days to complete service of the complaint and summons on Defendants, such that July 11, 2017 was the last day to complete service or to file a Motion for Administrative Relief from the deadline pursuant to Civil L.R. 7-11. On August 8, 2017, the Court issued an order to show cause to Plaintiffs to explain, by August 22, 2017, why this matter should not be dismissed for failure to comply with the deadline to complete service. (Dkt. No. 9.) On August 23, 2017 (one day late), Plaintiffs responded to the order to show cause and requested that the deadline be extended to September 8, 2017. (Dkt. No. 10.) The undersigned granted the extension and discharged the order to show cause on August 25, 2017. (Dkt. No. 12.) Plaintiffs did not file a certificate of service nor did they seek leave of court for a further extension of time to complete service. Plaintiffs failed to file a case management statement in advance of the October 24, 2017 case management conference, and did not request that the case management conference be continued.

On October 23, 2017, the Court issued a second order to show cause to Plaintiffs to explain, by November 8, 2017, why the case should not be dismissed for failure to comply with the deadline to complete service or file a Motion for Administrative Relief, and Plaintiffs' counsel

1  was instructed to explain why he should not pay monetary sanctions in the amount of $500 for his
2  repeated failure to comply with the court's deadlines. (Dkt. No. 13 at 1-2.) Plaintiffs were ordered
3  to complete service on Defendants and file certificates of service on the docket by November 8,
4  2017. *Id.* at 2. Plaintiffs were advised that the failure to comply with these deadlines may result in
5  the case being dismissed for failure to prosecute. *Id.*

6  On November 13, 2017, Plaintiffs' counsel Matthew C. Elstein filed an untimely
7  declaration in response to the order to show cause. (Dkt. No. 15.) Therein, Mr. Elstein explained
8  that all defendants had been served via the waiver procedure, and that he expected defendants to
9  answer or have their defaults taken by the end of November 2017. *Id.* at ¶ 2. Mr. Elstein
10 represented that he would return waiver forms as they were received, but before the end of
11 November. *Id.* The second order to show cause is DISCHARGED.

12 To date, however, Plaintiffs have not filed any waiver forms or certificates of service nor
13 have any responses to the complaint been filed. Accordingly, the Court issues this third and final
14 ORDER TO SHOW CAUSE, by December 29, 2017, why the court should not impose monetary
15 sanctions in the amount of $500 on Mr. Elstein, personally, for his repeated failure to comply with
16 the court's orders.

17 Additionally, Plaintiffs shall file certificates of service on or before **December 29, 2017**.
18 The failure to timely respond to the order to show cause and file the certificates of service will
19 result in this case being reassigned to a district judge with the recommendation that it be dismissed
20 for failure to prosecute.

21 IT IS SO ORDERED.

22 Dated: December 11, 2017

_____
KANDIS A. WESTMORE
United States Magistrate Judge