UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN FANTL, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID GLENWINKEL, et al.,<br><br>Defendants. | Case No. 4:17-cv-02033-KAW<br><br>**ORDER IMPOSING SANCTIONS; ORDER REASSIGNING CASE TO A DISTRICT JUDGE; REPORT AND RECOMMENDATION TO DISMISS FOR FAILURE TO PROSECUTE**<br><br>Re: Dkt. No. 16 |

This action was filed on April 12, 2017. (Dkt. No. 1.) Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiffs had 90 days to complete service of the complaint and summons on Defendants, such that July 11, 2017 was the last day to complete service or to file a Motion for Administrative Relief from the deadline pursuant to Civil L.R. 7-11. On August 8, 2017, the Court issued an order to show cause to Plaintiffs to explain, by August 22, 2017, why this matter should not be dismissed for failure to comply with the deadline to complete service. (Dkt. No. 9.) On August 23, 2017 (one day late), Plaintiffs responded to the order to show cause and requested that the deadline be extended to September 8, 2017. (Dkt. No. 10.) The undersigned granted the extension and discharged the order to show cause on August 25, 2017. (Dkt. No. 12.) Plaintiffs did not file a certificate of service nor did they seek leave of court for a further extension of time to complete service. Plaintiffs failed to file a case management statement in advance of the October 24, 2017 case management conference, and did not request that the case management conference be continued.

On October 23, 2017, the Court issued a second order to show cause to Plaintiffs to explain, by November 8, 2017, why the case should not be dismissed for failure to comply with the deadline to complete service or file a Motion for Administrative Relief, and Plaintiffs' counsel

was instructed to explain why he should not pay monetary sanctions in the amount of $500 for his repeated failure to comply with the court's deadlines. (Dkt. No. 13 at 1-2.) Plaintiffs were ordered to complete service on Defendants and file certificates of service on the docket by November 8, 2017. *Id.* at 2. Plaintiffs were advised that the failure to comply with these deadlines may result in the case being dismissed for failure to prosecute. *Id.*

On November 13, 2017, Plaintiffs' counsel Matthew C. Elstein filed an untimely declaration in response to the order to show cause. (Dkt. No. 15.) Therein, Mr. Elstein explained that all defendants had been served via the waiver procedure, and that he expected defendants to answer or have their defaults taken by the end of November 2017. *Id.* at ¶ 2. Mr. Elstein represented that he would return waiver forms as they were received, but before the end of November. *Id.* As a result, the second order to show cause was discharged. (Dkt. No. 16.)

Despite counsel's representations, however, Plaintiffs did not file waiver forms or certificates of service nor were any responses to the complaint filed. On December 11, 2017, the Court issued a third and final order to show cause why the court should not impose monetary sanctions in the amount of $500 on Mr. Elstein, personally, for his repeated failure to comply with the court's orders. (Dkt. No. 16.) The deadline to respond to the third order to show cause was December 29, 2017. *Id.* Plaintiffs were also ordered to file certificates of service by December 29, 2017, and were advised that the failure to timely respond to the order to show cause and file the certificates of service would result in this case being reassigned to a district judge with the recommendation that it be dismissed for failure to prosecute. *Id.*

To date, Plaintiffs have not filed a response to the order to show cause, and no certificates of service, waiver forms or any other documents have been filed in this case.

## **ORDER IMPOSING SANCTIONS**

Accordingly, the Court imposes sanctions in the amount of $500 on Mr. Elstein, to be paid personally, within 14 days of this order, made payable to the Clerk of the Court, 1301 Clay Street, 400 South, Oakland, California 94612.

IT IS SO ORDERED.

///

## ORDER REASSIGNING CASE AND REPORT AND RECOMMENDATION

Additionally, since none of the named defendants have appeared in this action, the undersigned REASSIGNS this case to a district judge with the RECOMMENDATION that the case be dismissed without prejudice for failure to prosecute.

Any party may file objections to this report and recommendation with the district judge within 14 days of being served with a copy. *See* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b); N.D. Civil L.R. 72-3. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *IBEW Local 595 Trust Funds v. ACS Controls Corp.*, No. C-10-5568, 2011 WL 1496056, at *3 (N.D. Cal. Apr. 20, 2011).

IT IS SO RECOMMENDED.

Dated: January 11, 2018

KANDIS A. WESTMORE
United States Magistrate Judge